IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30082
Summary Calendar
_____


JOSEPH JOHNSON; WARDELL QUEZERGUE,

                                        Plaintiffs-Appellants,

versus

TUFF N RUMBLE MANAGEMENT, INC., Etc; ET AL.,

                                        Defendants,

TUFF N RUMBLE MANAGEMENT, INC., doing business
as Tuff City Records,

versus                                  Defendant-Appellee,

JOE JONES, JR., doing business as Melder Publishing,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1374-R
--------------------
March 12, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Joe Jones, Jr., d/b/a/ Melder Publishing appeals the grant of

summary judgment in favor of Joseph Johnson, Wardell Quezerque,

and Tuff-n-Rumble Management, d/b/a/ Tuff City Records in the

underlying declaratory judgment and copyright infringement

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

action.  Jones avers that the district court erred in finding that there was no genuine issue as to a material fact with regard to his alleged part ownership of a copyright interest in the subject song and erred in finding that the documents which he relied upon to show his ownership interest were irrelevant and/or forgeries.

We have reviewed the record and conclude that the district court did not err in finding that the proffered documents upon which Jones relied to establish his ownership interest were irrelevant and/or forgeries.  Berry v. Armstrong Rubber Co., 989 F.2d 822, 824 (5th Cir. 1993).  In light of the record before the district court which was devoid of any competent summary-judgment evidence establishing Jones' part ownership interest in the song, the district court did not err in granting summary judgment in favor of the appellees on their infringement claim and awarding damages and attorneys fees.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In light of Jones' continued reliance on documents previously determined by the court to be irrelevant and/or forgeries, the appeal is DISMISSED as frivolous.

This is not the first time that Jones has filed frivolous appeals in this court.  See Makedwde v. Johnson, No. 95-30472, (5th Cir. Mar. 27, 1997); Makedwde v. Johnson, No. 97-30899, (5th Cir. May 6, 1999); Johnson v. Tuff-n-Rumble Management, Inc., No. 01-30082 (5th Cir. Apr. 11, 2001).

Despite the district court and this court's repeated warnings regarding the filing of frivolous pleadings and the imposition of sanctions, Jones continues in his abuse of the

judicial system. Jones' continued reliance on documents found to be irrelevant and/or forgeries and his continued insinuations before the district court and this court that the appellees and their attorneys committed fraud in the prosecution of their case warrants the imposition of monetary sanctions.

We hereby put Jones on notice and order Jones to show cause why we should not award reasonable attorney's fees and double costs to the appellees pursuant to FED. R. APP. P. 38. See Shinn v. College Station Indep. Sch. Dist., 96 F.3d 783, 786-87 (5th Cir. 1996). Jones' response shall be filed within 15 days of the issuance of this opinion.

APPEAL DISMISSED AS FRIVOLOUS. See 5TH CIR. R. 42.2; ORDER TO SHOW CAUSE ISSUED.